## GALLONEY'S APPEAL.

An executor, sued for the residue of a legacy, may set off a certificate of a balance found by a jury to be due to him, as defendant in a previous suit brought for part of the same legacy.

It seems the Orphans' Court have no jurisdiction for the recovery of a legacy, unless the same is charged on, or payable out of real estate.

THIS was an appeal from a decree of the Orphans' Court of Berks county.

June 15. John A. Otto, of the Borough of Reading, died in the year 1834, having first made his last will and testament, in which, after certain specific legacies, he directed that the residue of his real and personal estate should be sold by his executor, and the proceeds thereof equally divided to and among his six children and one grandchild.

His son, Dr. John B. Otto, was constituted executor, and letters testamentary were granted to him on 1st January, 1835.

The executor filed an administration account, exhibiting a balance in favour of the estate of $17,161 24, on 7th December, 1835.

In the Common Pleas of Berks county to April Term, 1836, No. 126, Daniel H. Otto, one of the legatees, brought suit against the said executor, to recover his one-seventh part of said $17,161 24. On the trial of said cause, which took place on 9th March, 1838, there was a verdict in favour of the defendant, and the jury further certified to the court, that they found the plaintiff to be indebted to

John B. Otto in the sum of $1805 37, more than would answer the debt or sum demanded by the plaintiff from the defendant.

A few days subsequently to this verdict, Daniel H. Otto died, and letters of administration on his estate were granted to Charles Galloney, the appellant.

In the year 1839, Dr. John B. Otto filed his second administration account, and by the report of auditors accompanying it, it appeared that the balance in his hands, (including the balance of his former account,) amounted to $20,809 87.

In, 1844, a third administration account was filed, and by the accompanying auditor's report, a further balance appeared in favour of the estate of $4894 79, independently of the balance of the previous account. On 1st of March, 1845, another account was filed, by which the said executor charged himself with the proceeds of sale of the real estate of the testator situate in Schuylkill county, sold since the death of Daniel H. Otto, and exhibiting a balance of $17,869 97 due the estate from this source.

On 4th January, 1845, Charles Galloney, administrator of Daniel H. Otto, deceased, obtained a rule to show cause why Dr. John B. Otto should not pay over the one-seventh part of the various balances of said account to him, as administrator of said Daniel H. Otto.

Dr. John B. Otto filed his answer, setting forth the verdict in his favour in the suit brought by Daniel H. Otto, and the certificate of the jury, that $1805 37 were due to him over and above the amount due the plaintiff, in the first balance; and claiming to retain said $1805 37, with interest from 9th March, 1838, out of Daniel's share in the balances of the subsequent administration accounts.

On 4th August, 1845, the court below made a decree, allowing Dr. John B. Otto to retain out of Daniel's share in the balances of the subsequent accounts, the said sum of $1805 37, with interest from 9th March, 1838.

From this decree Galloney appealed.

*Rhoades* and *Mulvany*, for the appellant, contended that Daniel H. Otto died insolvent; to allow the set-off would enable the executor to pay himself in full, and the other creditors receive nothing; the real estate from which the money arises was sold after Daniel H. Otto's death, and, therefore, all the creditors should come upon the money *pro rata*. They cited 2 Watts, 230; 3 Watts, 305; 2 Atkins, 566; 1 Bald. 185; 5 Eng. Com. Law Rep. 8; 9 Watts,

147; 4 Whart. 179; 9 Watts, 252; 5 Whart. 357; 1 Binn. 64; 1 Watts & Serg. 145. The certificate was barred by the statute of limitations.

*Pearson* and *Smith*, for the appellee, contended, that nothing was more firmly established by uninterrupted practice, and by the decisions of our own courts, than that set-offs apply in all suits by and against executors and administrators. The decree asked for in this case, by the appellant, is, in substance, no more than a suit by Galloney as administrator of D. H. Otto, deceased, against John B. Otto, executor of John A. Otto, deceased, for Daniel's legacy.

It comes within all the rules regulating the proceedings in such a suit; it is a claim against Dr. John B. Otto individually, in which the judgment would be *de bonis propriis;* it is therefore subject to any set-off held by Dr. Otto against Daniel; 2 Rawle, 185; 3 Yeates, 152; 3 Binney, 135; 2 Rawle, 123; 8 Serg. & Rawle, 88. The same rule prevails in Massachusetts; 2 Mass. Rep. 498, 15 Mass. Rep. 407.

There is no proof in this case that Daniel died insolvent; but if there were, it would not affect the rule. Nothing can be recovered but the balance, after deducting the set-off, and this although it may operate to the prejudice of other creditors; 3 Binney, 137.

The only exception is, that a party indebted to the estate of a decedent, cannot, *after the death of the decedent*, purchase a claim and use it as a set-off; 2 Yeates, 208; 1 Binney, 69; 2 Watts, 69; 4 Watts, 19.

Set-offs are favoured, as preventing circuity of action; they are allowed in cases of insolvency, although the effect is to give the party an advantage over other creditors; 1 Dallas, 452, 225; 3 Rawle, 204.

It has even been doubted whether any statute was necessary to give effect to the principle of set-off in Pennsylvania, where the same tribunal administers both law and equity; 1 Penna. Rep. 261; 5 Serg. & Rawle, 471. But this case is stronger than any in the books; the set-off held by the appellee arose from the certificate of a jury, of a balance of $1805 37, as due to Dr. Otto over and above the full satisfaction of a previous instalment of the same legacy. Clearly, then, he has a right to retain this out of a portion of the legacy becoming subsequently due; 5 Whart. Rep. 112, 117. The certificate is conclusive; 2 Barr, 407. It is a debt of record, and the statute of limitations does not apply to it; 2 Watts, 231.

GIBSON, C. J.—The material question raised by the exceptions, is whether an executor, when sued in the Orphans' Court for the residue of a legacy, may set off a certificate of balance found by a jury to be due to him as defendant in an action brought by the legatee in the Common Pleas for a part of the same legacy; and there is no reason why it may not. The argument against it is, that such a certificate is inconclusive before *scire facias* sued out and judgment had on it. Suppose it were so. A bond, or evidence of simple contract debt, is inconclusive; yet it may be set off. It is admitted by the agreement that such a certificate is at least *primâ facie* evidence; and that alone would be sufficient. But it is more. It is a debt of record, and, for that reason, not open to examination. The party found in it to be in arrear, can no more go behind it in the trial of a *scire facias* on it, than can a cognisor go behind the acknowledgment of his recognisance; yet a recognisance is only a debt of record, but, for that reason, so much in the nature of a judgment, that execution seems to have been issued on it originally without an award of it on *scire facias;* and the statute of Westminster 2 did no more than give that writ, as it did in the case of a judgment, to try the fact of the common law presumption of payment, which arose from the lapse of a year and a day. Indeed, had not the legislature positively prescribed it, it would seem that a *scire facias* would not have been a necessary prelude to an execution on a certificate of balance within the same period. Certain it is, however, that matter of defence to that writ must, in its origin, be subsequent to the finding.

But as this legacy was neither charged on land, nor payable out of land, though it proceeded from land directed to be sold by the executor, a graver question would have arisen had the appellant thought proper to except to the jurisdiction of the Orphans' Court, as he might have done, though he himself had selected it. As he makes no objection on that ground, however, we do not feel bound to quash the proceeding, and throw him back on an action in the Common Pleas, which would inevitably have the very result already obtained here. On the whole, we are of opinion that equal and exact justice has been done, and that the appellant proceed no further.

Decree affirmed.